

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 23720703**
**Date Processed: 09/02/2021**

| | |
|---|---|
| **Primary Contact:** | Joseph H. Carpenter<br>Norfolk Southern Corporation<br>650 W Peachtree St NW<br>Atlanta, GA 30308 |
| **Entity:** | Norfolk Southern Railway Company<br>Entity ID Number  2825903 |
| **Entity Served:** | Norfolk Southern Railway Company |
| **Title of Action:** | Mickel Montgomery Hudson vs. T L A Trucking Inc |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Taylor County District Court, TX |
| **Case/Reference No:** | 12512-D |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/01/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Brent Goudarzi<br>903-843-2544 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



CITATION BY MAILING

# CITATION BY MAILING
## 12512-D

THE STATE OF TEXAS

TO: Norfolk Southern Railway Company by serving Reg Agent Corporation Service Company dba CSC-Lawyers Incorporating Service Company 211 East 7th Street Suite 620 Austin TX 78701
Defendant GREETINGS:

NOTICE TO DEFENDANT: "The citation shall include the following notice to the defendant: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

YOU ARE HEREBY COMMANDED to appear before the 350th District Court of the City of Abilene, Texas County of Taylor, Texas by filing a written answer to Original Petition () at or before 10:00 a.m. of the Monday next after the expiration of twenty (20) days after the date of service hereof, a copy of which accompanies this Citation, in Cause Number **12512-D**, and filed in said Court on 08/25/2021 and styled:

Mickel Montgomery Hudson and Danielle Balderas Individually and as Parent and Next Friend for R.M. A Child vs. T L A Trucking Inc., Norfolk Southern Railway Company, Mohammad Hawa, Mohammad Hawa dba Hawa Transportation, Hawa Tansportation Inc., Estes Express Lines, Estes Express Lines dba Estes Express Lines Inc., Reinaldo La O Baute, and Dipak Samuel

Said Plaintiffs Petition was filed in said Court by Brent Goudarzi; (Attorney for Plaintiff), whose address is P O Drawer 910 Gilmer TX 75644;

**ISSUED AND GIVEN UNDER MY HAND AND THE SEAL OF SAID COURT**, at Abilene, Texas this day of August 27, 2021.

Tammy Robinson, District Clerk
350th District Court
Abilene, Taylor County, Texas 79602

By: *Ashlee Stewart*
Ashlee Stewart, Deputy



**EXHIBIT A**

**RETURN OF SERVICE**

12512-D        350th District Court
Mickel Montgomery Hudson and Danielle Balderas Individually and as Parent and Next Friend for R.M. A Child vs. T L A Trucking Inc., Norfolk Southern Railway Company, Mohammad Hawa, Mohammad Hawa dba Hawa Transportation, Hawa Tansportation Inc., Estes Express Lines, Estes Express Lines dba Estes Express Lines Inc., Reinaldo La O Baute, and Dipak Samuel
Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

_____, Officer

_____County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE:**
**Norfolk Southern Railway Company by serving Reg Agent Corporation Service Company dba CSC-Lawyers Incorporating Service Company 211 East 7th Street Suite 620 Austin TX  78701**

OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock _____.m., and executed in _____ County, Texas by mailing to the Defendant certified mail, return receipt
Requested with restricted delivery a true copy of this citation together with an attached copy of Original Petition () to the following address:

_____    _____
Defendant                                                  Address

Service upon the Defendant is evidenced by the return receipt incorporated herein and attached hereto,

Signed by _____

And dated _____

(Place Cert Mail Receipt Here)

This citation was not executed  for the following reason:
_____
_____

To certify which witness my hand officially.
**Tammy Robinson, District Clerk**

By: _____
    Deputy

Fee for serving Citation: $_____

**ATTACH RETURN RECEIPT(S) WITH ADDRESSEE'S SIGNATURE**

**EXHIBIT A**

Filed 8/25/2021 3:32 PM
Tammy Robinson
District Clerk
Taylor County, Texas
Ashlee Stewart

**12512-D**

CAUSE NO. _____

| | | |
|---|---|---|
| MICKEL MONTGOMERY HUDSON AND DANIELLE BALDERAS, INDIVIDUALLY AND AS PARENT AND NEXT FRIEND FOR R.M., A MINOR CHILD | § § § § § § | IN THE DISTRICT COURT |
| VS. | § § | TAYLOR COUNTY, TEXAS |
| T L A TRUCKING INC, NORFOLK SOUTHERN RAILWAY COMPANY, MOHAMMAD HAWA, MOHAMMAD HAWA d/b/a HAWA TRANSPORTATION, HAWA TRANSPORTATION INC, ESTES EXPRESS LINES, ESTES EXPRESS LINES d/b/a ESTES EXPRESS LINES, INC., REINALDO LA O BAUTE, AND DIPAK SAMUEL | § § § § § § § § § § § | Taylor County - 350th District Court
\_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, MICKEL MONTGOMERY HUDSON, and DANIELLE BALDERAS, INDIVIDUALLY AND AS PARENT AND NEXT FRIEND FOR R.M., A MINOR CHILD, hereinafter called Plaintiffs, complaining of T L A TRUCKING INC, NORFOLK SOUTHERN RAILWAY COMPANY, MOHAMMAD HAWA, MOHAMMAD HAWA d/b/a HAWA TRANSPORTATION, HAWA TRANSPORTATION INC, ESTES EXPRESS LINES, ESTES EXPRESS LINES d/b/a ESTES EXPRESS LINES, INC., REINALDO LA O BAUTE, and DIPAK SAMUEL, hereinafter called Defendants, and for cause of action would respectfully show unto the Court the following:



**EXHIBIT A**

## DISCOVERY CONTROL PLAN LEVEL

I.

Discovery in this cause of action is intended to be conducted under Level 2 of Rule 190.3, Texas Rules of Civil Procedure.

## JURISDICTION AND VENUE

II.

Venue is proper in Taylor County pursuant to Chapter 15, Texas Civil Practice and Remedies Code, in that this is the county of Defendant DIPAK SAMUEL's residence at the time the cause of action accrued.

Jurisdiction is proper in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas.

## PARTIES AND SERVICE

III.

Plaintiff, MICKEL MONTGOMERY HUDSON, resides in Georgetown, Texas. The last three digits of Plaintiff's driver's license number are 178. The last three digits of Plaintiff's social security number are 219.

Plaintiff, DANIELLE BALDERAS, INDIVIDUALLY AND AS PARENT AND NEXT FRIEND FOR R.M., A MINOR CHILD, resides in Georgetown, Texas. The last three digits of Plaintiff's driver's license number are 253. The last three digits of Plaintiff's social security number are 817.

Defendant, T L A TRUCKING INC, is a Nevada corporation doing business in the State of Texas, and may be served with process by serving its President, Luis A Gutierrez, at 3846 Light Year Dr, Las Vegas, Nevada 89115.



Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, is a foreign corporation doing business in the State of Texas, and may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3128, by certified mail, return receipt requested, issued by the District Clerk of Taylor County, Texas.

Defendant, MOHAMMAD HAWA, resides at 3115 Abbott St., Apt. 4, Pomona, California 91767, and may be served with process at this address or wherever he may be found.

Defendant, MOHAMMAD HAWA d/b/a HAWA TRANSPORTATION, resides at 3115 Abbott St., Apt. 4, Pomona, California 91767, and may be served with process at this address or wherever he may be found.

Defendant, HAWA TRANSPORTATION INC, is a California corporation doing business in the State of Texas, and may be served with process by serving its registered agent for service of process, Corpnet, Incorporated, at 31416 Agoura Rd. Ste. 118, Westlake Village, California 91361, by certified mail, return receipt requested, issued by the District Clerk of Taylor County, Texas.

Defendant, ESTES EXPRESS LINES, is a Virginia corporation doing business in the State of Texas, and may be served with process by serving its registered agent for service of process, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218, by certified mail, return receipt requested, issued by the District Clerk of Taylor County, Texas.

Defendant, ESTES EXPRESS LINES d/b/a ESTES EXPRESS LINES, INC., is a Virginia corporation doing business in the State of Texas, and may be served with process by serving its registered agent for service of process, Corporation Service Company dba CSC -


**EXHIBIT A**

Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218, by certified mail, return receipt requested, issued by the District Clerk of Taylor County, Texas.

Defendant, REINALDO LA O BAUTE, resides at 3440 Brittlewood Ave., Las Vegas, Nevada 89120-2072, and may be served with process at this address or wherever he may be found.

Defendant, DIPAK SAMUEL, resides at 2989 Arrowhead Dr., Abilene, Taylor County, Texas 79606, and may be served at this address or wherever he may be found.

### Facts and Causes of Action

IV.

At approximately 2:14 p.m. on November 28, 2020, Plaintiffs and the minor child, R.M. ("the minor child"), were traveling in a 2018 Jeep Wrangler eastbound on Interstate Highway 20, in the inside lane, in Eastland County, Texas. Defendant, REINALDO LA O BAUTE, was traveling in a 1997 Freightliner tractor owned and/or leased by Defendants, T L A TRUCKING INC and/or NORFOLK SOUTHERN RAILWAY COMPANY, and was towing a 2016 CIMC Trailers trailer owned and/or leased by Defendants, T L A TRUCKING INC and/or NORFOLK SOUTHERN RAILWAY COMPANY, westbound on Interstate Highway 20, around mile marker 335, in the outside lane, while in the course and scope of employment with Defendants, T L A TRUCKING INC and/or NORFOLK SOUTHERN RAILWAY COMPANY, in Eastland County, Texas. Defendant, MOHAMMAD HAWA, was operating a 2016 Kenworth tractor owned and/or leased by Defendants, ESTES EXPRESS LINES, ESTES EXPRESS LINES d/b/a ESTES EXPRESS LINES, INC., MOHAMMAD HAWA, MOHAMMAD HAWA d/b/a HAWA TRANSPORTATION, and/or HAWA TRANSPORTATION INC, and towing a 2003 Great

**EXHIBIT A**

Danes trailer owned and/or leased by Defendants, ESTES EXPRESS LINES, ESTES EXPRESS LINES d/b/a ESTES EXPRESS LINES, INC., MOHAMMAD HAWA, MOHAMMAD HAWA d/b/a HAWA TRANSPORTATION and/or HAWA TRANSPORTATION INC, westbound on Interstate Highway 20, while in the course and scope of employment with ESTES EXPRESS LINES, ESTES EXPRESS LINES d/b/a ESTES EXPRESS LINES, INC., MOHAMMAD HAWA d/b/a HAWA TRANSPORTATION and/or HAWA TRANSPORTATION INC, and traveling behind the tractor and trailer being operated by Defendant, REINALDO LA O BAUTE, in the inside lane, in Eastland County, Texas. Defendant, DIPAK SAMUEL, was operating a 2013 Ford Edge westbound on Interstate Highway 20, in the outside lane, traveling ahead of the tractor and trailer being operated by Defendant, REINALDO LA O BAUTE, in Eastland County, Texas. Suddenly and without warning, Defendant, DIPAK SAMUEL, decreased the speed of his vehicle without first giving a stop signal to Defendant, REINALDO LA O BAUTE, who was operating the vehicle approaching Defendant, DIPAK SAMUEL, from the rear. Then, suddenly and without warning, Defendant, REINALDO LA O BAUTE, failed to control the speed of his vehicle, lost control of his vehicle, and while attempting to avoid impacting Defendant DIPAK SAMUEL's vehicle, impacted the tractor and trailer being operated by Defendant, MOHAMMAD HAWA. Then, suddenly and without warning, Defendant, MOHAMMAD HAWA, failed to maintain control of his vehicle, entered the center median, impacting the center cable, and continued traveling southwest and entered into the inside eastbound lane of Interstate Highway 20, and into the path of Plaintiffs' and the minor child's vehicle, colliding with Plaintiffs' and the minor child's vehicle and subjecting Plaintiffs and the minor child to tremendous force.

**EXHIBIT A**

V.

Defendant, REINALDO LA O BAUTE, was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

1. Violating Section 545.351 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

    (a) An operator may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

    (b) An operator:

    (1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

    (2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

2. Violating Section 545.062 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

    (a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

3. Failing to keep a proper lookout;
4. Failing to timely apply brakes;
5. Failing to control the vehicle;
6. Failing to act and/or respond in a reasonable manner; and
7. Failing to control the speed of the vehicle.

Each of the foregoing acts of negligence was a proximate cause of the collision in question and the injuries and damages of Plaintiffs and the minor child.


**EXHIBIT A**

VI.

Defendant, DIPAK SAMUEL, was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

1. Violating Section 545.105 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

    An operator may not stop or suddenly decrease the speed of the vehicle without first giving a stop signal as provided by this subchapter to the operator of a vehicle immediately to the rear when there is an opportunity to give the signal.

2. Failing to keep a proper lookout;
3. Failing to timely apply brakes;
4. Failing to control the vehicle;
5. Failing to take proper evasive action;
6. Failing to act and/or respond in a reasonable manner; and
7. Failing to control the speed of the vehicle.

Each of the foregoing acts of negligence was a proximate cause of the collision in question and the injuries and damages of Plaintiffs and the minor child.

VII

Defendant, MOHAMMAD HAWA, was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

1. Violating Section 545.351 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

    (a) An operator may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

    (b) An operator:

    (1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential



    hazards then existing; and

    (2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

2. Failing to keep a proper lookout;
3. Failing to timely apply brakes;
4. Failing to control the vehicle;
5. Failing to take proper evasive action;
6. Failing to act and/or respond in a reasonable manner; and
7. Failing to control the speed of the vehicle.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiffs and the minor child.

## VIII.

At the time and on the occasion in question, and immediately prior thereto, Defendants, T L A TRUCKING INC and/or NORFOLK SOUTHERN RAILWAY COMPANY, committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiffs and the minor child.

Defendants T L A TRUCKING INC's and/or NORFOLK SOUTHERN RAILWAY COMPANY's independent acts of negligence include, but are not limited to, the following:

1. Entrusting the subject vehicle to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject vehicle was unlicensed, incompetent, and/or reckless;

2. Hiring and continuing to retain an unsafe, unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unsafe, unlicensed, incompetent and/or reckless;

3. Failing to properly train, supervise and/or monitor Defendant, REINALDO LA O BAUTE;

4. Failing to maintain the vehicle in a reasonably safe or prudent manner; and



5. Failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to, 49 C.F.R. 300-399, Chapter 521.459 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, and Vernon's Texas Statutes and Codes Annotated, Transportation Code Titles 1, 2, and 7.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiffs and the minor child.

IX.

At the time and on the occasion in question, and immediately prior thereto, Defendants, T L A TRUCKING INC and/or NORFOLK SOUTHERN RAILWAY COMPANY, were guilty of negligent entrustment and knew or should have known Defendant, REINALDO LA O BAUTE, was a negligent and reckless driver.

X.

Defendants, T L A TRUCKING INC and/or NORFOLK SOUTHERN RAILWAY COMPANY, are liable for the damages proximately caused to Plaintiffs and the minor child by the conduct of Defendant, REINALDO LA O BAUTE, in that Defendants, T L A TRUCKING INC and/or NORFOLK SOUTHERN RAILWAY COMPANY, were the employer of Defendant, REINALDO LA O BAUTE, on the date that Defendant, REINALDO LA O BAUTE, negligently injured Plaintiffs and the minor child, as alleged above, and Defendant, REINALDO LA O BAUTE, was acting within the course and scope of that employment when that injury occurred or Defendants, T L A TRUCKING INC and/or NORFOLK SOUTHERN RAILWAY COMPANY, had the right to control the activities of Defendant, REINALDO LA O BAUTE.

XI.

At the time and on the occasion in question, and immediately prior thereto, Defendants, ESTES EXPRESS LINES, ESTES EXPRESS LINES d/b/a ESTES EXPRESS LINES, INC.,

**EXHIBIT A**

MOHAMMAD HAWA, MOHAMMAD HAWA d/b/a HAWA TRANSPORTATION and/or HAWA TRANSPORTATION INC, committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiffs and the minor child.

Defendants ESTES EXRPESS LINES's, ESTES EXPRESS LINES d/b/a ESTES EXPRESS LINES, INC.'s, MOHAMMAD HAWA, MOHAMMAD HAWA d/b/a HAWA TRANSPORTATION's and/or HAWA TRANSPORTATION INC's independent acts of negligence include, but are not limited to, the following:

1. Entrusting the subject vehicle to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject vehicle was unlicensed, incompetent, and/or reckless;

2. Hiring and continuing to retain an unsafe, unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unsafe, unlicensed, incompetent and/or reckless;

3. Failing to properly train, supervise and/or monitor Defendant, MOHAMMAD HAWA;

4. Failing to maintain the vehicle in a reasonably safe or prudent manner; and

5. Failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to, 49 C.F.R. 300-399, Chapter 521.459 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, and Vernon's Texas Statutes and Codes Annotated, Transportation Code Titles 1, 2, and 7.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiffs and the minor child.

XII.

At the time and on the occasion in question, and immediately prior thereto, Defendants, ESTES EXPRESS LINES, ESTES EXPRESS LINES d/b/a ESTES EXPRESS LINES, INC.,



MOHAMMAD HAWA, MOHAMMAD HAWA d/b/a HAWA TRANSPORTATION and/or HAWA TRANSPORTATION INC, were guilty of negligent entrustment and knew or should have known Defendant, MOHAMMAD HAWA, was a negligent and reckless driver.

XIII.

Defendants, ESTES EXPRESS LINES, ESTES EXPRESS LINES d/b/a ESTES EXPRESS LINES, INC., MOHAMMAD HAWA, MOHAMMAD HAWA d/b/a HAWA TRANSPORTATION and/or HAWA TRANSPORTATION INC, are liable for the damages proximately caused to Plaintiffs and the minor child by the conduct of Defendant, MOHAMMAD HAWA, in that Defendants, ESTES EXPRESS LINES, ESTES EXPRESS LINES d/b/a ESTES EXPRESS LINES, INC., MOHAMMAD HAWA, MOHAMMAD HAWA d/b/a HAWA TRANSPORTATION and/or HAWA TRANSPORTATION INC, were the employer of Defendant, MOHAMMAD HAWA, on the date that Defendant, MOHAMMAD HAWA, negligently injured Plaintiffs and the minor child, as alleged above, and Defendant, MOHAMMAD HAWA, was acting within the course and scope of that employment when that injury occurred or Defendants, ESTES EXPRESS LINES, ESTES EXPRESS LINES d/b/a ESTES EXPRESS LINES, INC., MOHAMMAD HAWA, MOHAMMAD HAWA d/b/a HAWA TRANSPORTATION and/or HAWA TRANSPORTATION INC, had the right to control the activities of Defendant, MOHAMMAD HAWA.

XIV.

Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to hire, train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such hiring, training, supervision, direction, instruction, control, and/or operation was necessary for

**EXHIBIT A**

Plaintiffs' and the minor child's protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiffs, the minor child or a third party relied on Defendants' performance, and Defendants' performance increased Plaintiffs' and the minor child's risk of harm.

XV.

Defendants committed willful acts or omissions of gross negligence, having actual knowledge of an extreme risk of harm and consciously disregarding that risk, that were a proximate cause of the injuries to Plaintiffs and the damages of Plaintiffs, and for which Plaintiffs are entitled to recover punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code. Furthermore, Defendants authorized the doing and the manner of the acts or omissions, Defendants recklessly employed an unfit agent and/or employee, Defendants employed a vice-principal or one who was in a managerial capacity and was acting in the scope of employment when they committed the acts or omissions, and/or Defendants or a vice-principal or manager of Defendants ratified and/or approved the acts or omissions.

**Damages for Plaintiffs and the Minor Child**

XVI.

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiffs and the minor child were caused to suffer and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs and the minor child have incurred the following damages:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs and the minor child for the necessary care and treatment of the injuries resulting from the accident;

**EXHIBIT A**

B. Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering which, in reasonable probability, will be suffered in the future;

E. Mental anguish in the past;

F. Mental anguish which, in reasonable probability, will be suffered in the future;

G. Physical impairment in the past;

H. Physical impairment which, in reasonable probability, will be suffered in the future.

I. Disfigurement in the past;

J. Disfigurement which, in reasonable probability, will be suffered in the future;

K. Exemplary damages.

In addition, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs have incurred the following additional damages:

A. Loss of earnings in the past; and

B. Loss of earning capacity which, in reasonable probability, will be incurred in the future.

By reason of the above, Plaintiffs and the minor child have suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. In accordance with Texas Rule of Civil Procedure 47, Plaintiffs seek monetary relief over $1,000,000.00.

**EXHIBIT A**

XVII.

Plaintiff, MICKEL MONTGOMERY HUDSON, has also suffered damages to his 2020 Lexus RX 350 as a result of this accident and Defendants' negligence and Plaintiff should be reimbursed for those damages as well as for the loss of use of his motor vehicle, along with any other property damage sustained in the accident.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

GOUDARZI & YOUNG, L.L.P.
3522 Fourth Street
Longview, Texas 75605
Telephone: (903) 843-2544
Facsimile: (903) 843-2026
E-Serve: goudarziyoung@goudarzi-young.com

By: _____
Brent Goudarzi
State Bar No. 00798218
Marty Young
State Bar No. 24010502

ATTORNEYS FOR PLAINTIFFS



**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shannon Happney on behalf of J. Goudarzi
Bar No. 00798218
shappney@goudarzi-young.com
Envelope ID: 56654684
Status as of 8/26/2021 2:38 PM CST

Associated Case Party: MickelMontgomeryHudson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brent Goudarzi | | goudarziyoung@goudarzi-young.com | 8/25/2021 3:32:09 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Shannon Happney | | shappney@goudarzi-young.com | 8/25/2021 3:32:09 PM | SENT |



**EXHIBIT A**

Tammy Robinson, District Clerk
Taylor County Courthouse
300 Oak St., Suite 400
Abilene, Texas 79602

**CERTIFIED MAIL**

7018 2290 0001 4249 2070



U.S. POSTAGE >> PITNEY BOWES

ZIP 79602 $ 008.56
02 4W
0000370234 AUG. 30. 2021

Norfolk Southern Railway Co.
By Serving Reg Agent Corp Services Co.
dba CSC-Lawyers Incorp. Service Co.
211 East 7th Street Suite 620
Austin TX 78701
CIT 12512D

7870183218 C015

**EXHIBIT A**